```
                   IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF ALABAMA
                              MIDDLE DIVISION
```

                                                         FILED
                                                      00 JUL 24 AM 10: 15
                                                      U.S. DISTRICT COURT
                                                       N.D. OF ALABAMA

MARY ANN (WELLS) FAULKNER, et  }
al.,                           }
                               }
    Plaintiffs,                }    CIVIL ACTION NO.
                               }
v.                             }    00-AR-1896-M
                               }
AMERICAN HOME PRODUCTS         }
CORPORATION, et al.,           }                         **ENTERED**
                               }
    Defendants.                                          JUL 24 2000


## MEMORANDUM OPINION

    Plaintiff, Mary Ann (Wells) Faulkner, moves to remand the above-entitled case which was removed to this court by a diverse defendant, American Home Products Corporation on the basis of 28 U.S.C. § 1332. The other defendant, Dr. Michael Vitkin, who is non-diverse, has filed a motion to dismiss consistent with the allegation in the notice of removal that Dr. Vitkin was fraudulently joined for the purpose of destroying diversity.

    A closely similar case was decided by Judge Pointer on August 30, 1999. Ironically, American Home Products was the removing defendant there as it is here. In *Majors v. American Home Products*, CV-99-P-1493-S, Judge Pointer refused to find fraudulent joinder allegedly based on a clearly discernable statute of limitations defense by the non-diverse defendant. Agreeing totally



with Judge Pointer, this court makes the additional point not made by Judge Pointer that whatever may turn out to be the effect of Dr. Vitkin's statute of limitations defense, which he added by an amendment to his motion to dismiss after that defense was pointed out to him by American Home Products, it is an **affirmative** defense that must be pled in order to be enjoyed.  It may be that a plaintiff who targets a person who undeniably enjoys a bar of a particular statute of limitations is guilty of **actual** or fraudulent intent to destroy diversity, having no realistic hope of success on the merits. Such would constitute true fraud and would, of course, constitute a Rule 11 violation in addition to proving a fraudulent joinder.  However, there is plenty of room in the instant case for plaintiff to quarrel with Dr. Vitkin's statute of limitations defense.  Thus, this court has no basis upon which to find, as a matter of fact or law, that plaintiff is committing actual fraud on the court.

    A separate order of remand will be entered.
DONE this 24th day of July, 2000.

                                         WILLIAM M. ACKER, JR.
                                         UNITED STATES DISTRICT JUDGE